Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARK LYTCH,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

MARK LYTCH ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New Jersey therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Parlin, New Jersey 08859.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 140 Corporate Boulevard, Norfolk, Virginia 23502.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes as Plaintiff does not owe any business debts.

13. Beginning in or around December 2013, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect a debt.

14. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (620) 860-1570.  The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors, including an individual identifying himself as Austin, regularly called Plaintiff as many as two times in a given day.

16. At all relevant times, Plaintiff advised Defendant that its calls were unwanted and that he wanted it to stop contacting him by telephone.

17. Despite Plaintiff's requests not to be called, Defendant's calls continued.

18. Once Defendant was aware that Plaintiff did not wish to be called there was no legitimate reason for any additional calls, other than for the purposes of harassment.

19. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

20. Defendant's actions as described herein were taken with the intent to harass, annoy and coerce Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff; and, when it continued to call Plaintiff after he demanded that it stop calling him.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

23. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

25. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant violated § 1692f when it failed to update its records to reflect that Plaintiff did not wish to be called, when it harassed Plaintiff over the alleged debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA

27. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a

statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, MARK LYTCH, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    e. Any other relief deemed fair and proper by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARK LYTCH, demands a jury trial in this case.

### **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: November 26, 2014 | By: /s/ Amy L. Bennecoff<br>Amy L. Bennecoff, Esquire<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, Pennsylvania 19002<br>Phone: (215) 540-8888<br>Facsimile: (877) 788-2864<br>Email: abennecoff@creditlaw.com |

PLAINTIFF'S COMPLAINT